**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ALL AMERICAN SEMICONDUCTOR, INC.,

Plaintiff,

v.

WELLS FARGO BANK MINNESOTA, N.A., National Association,

Defendant.

Civil No. 01-1441 (DDA/FLN)

**ORDER ON PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

Leonard, Street and Deinard, by ROBERT P. THAVIS, Minneapolis and Bilzen Sumberg Dunn Baena Price & Axelrod, LLP, by ROBERT W. TURKEN, Miami, Florida for Plaintiff.

Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, by RICHARD T. THOMSON, Minneapolis, Minnesota, for Defendant.

This case involved determining the sufficiency of a documentary presentation to draw upon a letter of credit. Plaintiff All American Semiconductor, Inc. ("All American") was the beneficiary under a letter of credit Defendant Wells Fargo Bank Minnesota, N.A. ("Wells Fargo") issued to KB Gear Interactive, Inc. ("KB Gear"). All American attempted to draw upon that letter of credit after KB Gear failed to pay some of All American's invoices. Wells Fargo rejected All American's documentary presentation as not conforming to the requirements of the letter of credit. All American then brought this suit against Wells Fargo to obtain payment, alleging claims for breach of contract and for wrongful dishonor.

By Order dated March 7, 2002, the Court granted Wells Fargo's motion to dismiss Count I of the Complaint, which alleged breach of contract, but denied Wells Fargo's motion to dismiss in all other respects. On January 3, 2003, the Court granted All American's motion for summary judgment with respect to Wells Fargo's liability on All American's claim for wrongful dishonor and denied Wells Fargo's motion for summary judgment in its entirety. On July 21, 2003, the Court granted All American's renewed motion for summary judgment and denied Wells Fargo's motion for summary judgment on the issue of damages. On July 21, 2003, the clerk entered judgment in favor of All American in the sum of $945,111.14, together with interest on that amount to be determined in accordance with Minn. Stat. § 549.09 from January 3, 2001.

SEP 1 5 2003
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

The case is now before the Court upon All American's motion for an order awarding All American attorneys' fees incurred through the date of entry of judgment. The matter is governed by Minn. Stat. § 336.5-111(e), which provides as follows:

> Reasonable attorneys' fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this article.

Wells Fargo does not dispute that All American is the prevailing party and that under the quoted section the Court must award attorneys' fees and other expenses of litigation to All American. Wells Fargo disputes only whether All American's fee request is reasonable.

All American was represented by the Miami, Florida law firm of Bilzen Sumberg Dunn Baena Price & Axelrod, LLP, and specifically by Mr. Robert W. Turken ("Turken") of that firm. All American was also represented as local counsel by the firm of Leonard, Street & Deinard, and specifically by Mr. Robert P. Thavis ("Thavis") of that firm.

In its motion for fees, memorandum in support of motion, and supporting affidavits, All American seeks fees and expenses in the following amounts:

| | Fees | Expenses | |
|---|---|---|---|
| Thavis: | | | |
| | $ 79,378.75 | $1,720.90 | $ 81,099.65 |
| Turken: | | | |
| | 68,626.31* | 4,577.25 | 73,203.56 |
| Total | $148,005.06 | $6,298.15 | $154,303.21 |

*after Courtesy Discount

All American's fee submission falls woefully short of meeting the requisite requirements for the allowance of attorneys' fees in the Eighth Circuit. Such requirements include detailed records reflecting the hours spent on the litigation, the applicable or normal hourly rate of counsel of similar experience in the community, together with a description of the precise services rendered and the time spent on particular services. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975). All American here simply provided copies of the invoices from its counsel, and those invoices do not contain information sufficient to support All American's request.

The records of the Bilzen Sumberg law firm, for example, fail to reveal the hours expended on any particular service rendered. Instead, those records list only the tasks counsel performed and then give a total of all fees incurred for the entire month. The Court cannot determine from that alone whether or not the fee charged for a particular task was appropriate. Many of the entries of the Bilzen Sumberg time records, furthermore, are vague and indefinite and do not permit the Court to determine whether the tasks counsel performed were reasonably necessary for the case. Entries regarding "discussions" or "conferences" include no detail. Those records also do nothing to indicate that the hourly rate charged All American by the Bilzen Sumberg firm in Miami, Florida, is reasonable in this District. The affidavits of both Thavis and Turken reveal only the hourly rate charged to All American and not whether that hourly rate is a reasonable fee in this community. Finally, the Bilzen Sumberg law firm fee statement, which serves as a basis for its claim of attorneys' fees, includes fees that were not incurred as a part of litigation. Litigation work did not commence until July 18, 2001. The Bilzen Sumberg invoices covering services for the months of January through April of 2001 reveal charges for services relating to non-litigation work in attempting to persuade Wells Fargo to pay the letter of credit. The sum of the invoices for services from those months is $14,102.00. Invoices for the period of June 25, 2001, through July 31, 2001, provide no breakdown indicating which services were related to the litigation and which were not. Entries not applicable to this litigation include the invoice for April 13, 2001, which was for services rendered in relation to the "KB Gear bankruptcy." Invoices for both law firms include fees for services performed in preparing and submitting All American's original motion for attorneys' fees, which All American ultimately withdrew.

Because All American failed to comply with Eighth Circuit criteria for an award of attorneys' fees, the Court could justifiably deny fees in their entirety. Alternatively, the Court can reject what it perceives to be an overreaching demand for attorneys' fees and award an amount, based upon its experience and knowledge of the case, it deems to be an appropriate and reasonable fee for services rendered on behalf of All American in this litigation. This the Court will undertake to do.

The issue presented in this case was solely one of law. The facts were simple and essentially undisputed. Neither party took a deposition, and All American undertook absolutely no discovery. All American's discovery responses to Wells Fargo's discovery requests were minimal. All American made no Rule 26 disclosures. There was no trial. The sum and substance of this litigation involved the drafting of a complaint, response to a motion to dismiss, a minimal discovery dispute, and preparation for and participation in cross motions for summary judgment on issues identical to those presented on the motion to dismiss. Given the nature of the litigation, a request for $148,005.06 in attorneys' fees and $6,298.15 in expenses, for a total fee and cost request of $154,303.21, is grossly excessive.

Much of the excess results from the duplicative and redundant efforts of All American's counsel at virtually every point in the litigation. Their invoices reveal that attorney Thavis engaged in no less than 70 telephone conferences with attorney Turken and seven additional telephone conferences with attorney Siegel. In addition, there were five separate in person conferences between Thavis and Turken. While attorney conferences are to be expected in the handling of a case, the number of conferences in this instance confirms that the attorneys were simply duplicating efforts in accomplishing the same result. This redundancy is further demonstrated by the two firms billing more than $45,000.00 to respond to Wells Fargo's motion to dismiss. The Bilzen Sumberg firm billed All American $17,000.00 for the briefing in opposition to Wells Fargo's motion to dismiss and $3,292.00 for work in preparation for the oral argument on that motion. The Bilzen Sumberg firm billed All American an additional $11,197.50 simply to prepare for and attend oral argument. At the same time, the Leonard Street law firm billed All American at least $10,217.50 for its part in the briefing in opposition to Wells Fargo's motion to dismiss, $1,675.00 to review Wells Fargo reply brief, and an additional $5,276.25 to prepare for and attend oral argument, although counsel for Leonard Street did not present the oral argument.

In an attempt to arrive at a reasonable fee in a case in which no discovery, no trial, a simple legal issue, and cross motions for summary judgment resolved the matter, the Court deems it appropriate to look at the fees for services Wells Fargo charged as the opposing party. Wells Fargo's response to the motion for attorneys' fees reveals that Wells Fargo's fees for services totaled $40,462.50. Based upon its own knowledge and its experience with this case, the Court finds that amount to be reasonable and in keeping with the usual and customary fees in a case of this type and complexity.

The Court accordingly finds that the sum of $40,000.00, to be divided between both law firms representing All American, is a reasonable attorneys' fee in connection with services rendered to All American in this case, which together with costs of litigation in the sum of $6,298.15 results in a total fee and cost award of $46,298.15.

Upon the foregoing,

**IT IS ORDERED** that All American have and recover of Wells Fargo the sum of $46,298.15 as and for attorneys' fees and costs of litigation.

DATED: September 15, 2003.

DONALD D. ALSOP, Senior Judge
United States District Court