**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALL AMERICAN SEMICONDUCTOR, INC.,

Plaintiff,

vs.

WELLS FARGO MINNESOTA, N.A., National Association,

Defendant.

Civil No. 01-1441 DDA/FLN

**ORDER ON DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DATED JULY 2, 2002**

---

Leonard, Street and Deinard, by ROBERT P. THAVIS, Minneapolis, Minnesota, and Bilzen Sumberg Dunn Baena Price & Axelrod, LLP, by ROBERT W. TURKEN, Miami, Florida, for Plaintiff All American Semiconductor, Inc.

Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, by RICHARD T. THOMSON, Minneapolis, Minnesota, for Defendant Wells Fargo Minnesota, N.A.

---

This matter is before the Court on appeal from the assigned magistrate judge's disposition of two pretrial discovery orders. Plaintiff All American Semiconductor, Inc. ("All American") alleged in its Complaint, inter alia, that Defendant Wells Fargo Minnesota, N.A. ("Wells Fargo") wrongfully denied All American's attempt to draw on a letter of credit. On March 7, 2002, this Court denied Wells Fargo's Rule 12(b)(6) motion to dismiss All American's claim for wrongful dishonor of the letter of credit, holding that, on the record presented, Wells Fargo had not established grounds sufficient to justify denial of payment to All American. All American served a motion for summary judgment on June 7, 2002. All American simultaneously moved to stay discovery pending resolution of its motion for summary judgment, taking the position that the Court's March 7, 2002, Order effectively resolved all liability issues in the case in All American's favor and thereby obviated the need to conduct discovery. Wells Fargo in turn moved on June 17, 2002, to compel responses to its outstanding discovery requests, arguing that development of a factual record is necessary for its response to All American's motion for summary judgment and for proper resolution

FILED JUL 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the issues in the case. By Order dated July 2, 2002, the magistrate judge granted All American's motion to stay discovery and denied Wells Fargo's motion to compel without prejudice. Wells Fargo timely objected to that Order on July 9, 2002.

In reviewing the magistrate judge's Order, the Court must set aside any ruling that is "clearly erroneous or contrary to law," Local Rule 72.1(b)(2), and "may also reconsider any matter sua sponte." Id. Given the Court's ruling on Wells Fargo's motion to dismiss, the Court finds that a stay of discovery pending resolution of All American's motion for summary judgment is appropriate. The Court will consider Wells Fargo's argument concerning discovery, however, in ruling on All American's motion. If the Court concludes that its March 7, 2002, Order does not effectively resolve all issues in the case, the Court will order discovery to proceed as to any unresolved claims or defenses, which will have the effect of resolving the issues presented in this appeal.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** the magistrate judge's July 2, 2002, Order is in all things AFFIRMED.

Dated: July 24, 2002

DONALD D. ALSOP, Senior Judge
United States District Court