UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALL AMERICAN SEMICONDUCTOR, INC.,

Plaintiff,

vs.

WELLS FARGO MINNESOTA, N.A., National Association,

Defendant.

Civil No. 01-1441 DDA/FLN

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Leonard, Street and Deinard, by ROBERT P. THAVIS, Minneapolis, Minnesota, appeared on behalf of Plaintiff All American Semiconductor, Inc.

Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, by RICHARD T. THOMSON, Minneapolis, Minnesota, appeared on behalf of Defendant Wells Fargo Minnesota, N.A.

The question in this case is whether Plaintiff All American Semiconductor, Inc. ("All American") is entitled to payment under a letter of credit Defendant Wells Fargo Minnesota, N.A. ("Wells Fargo") issued to a third party, KB Gear Interactive, Inc. ("KB Gear"). All American's Complaint included claims against Wells Fargo for breach of contract and for wrongful dishonor of the letter of credit. Wells Fargo earlier moved to dismiss both claims pursuant to Fed.R.Civ.P. 12(b)(6). By Order dated March 7, 2002, this Court granted Wells Fargo's motion with respect to the breach of contract claim and denied the motion with respect to the wrongful dishonor claim. The Court also certified the issues in the March 7, 2002, Order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Wells Fargo opted against taking an immediate appeal, electing instead to conduct further investigation and discovery. On June 7, 2002, All American simultaneously moved to stay discovery and for summary judgment, arguing that the Court's March 7, 2002, Order effectively resolved all issues in the case in All American's favor. The Court affirmed the assigned magistrate judge's Order granting the stay of discovery pending resolution of All American's motion for summary judgment.

FILED JAN 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Wells Fargo also has moved for summary judgment, arguing in essence that the record as developed compels a result different from that reached in the Court's March 7, 2002, Order.

Most of the pertinent facts are not in dispute and are set forth at greater length in the Court's March 7, 2002, Order. Wells Fargo issued standby letter of credit number S407707 ("the LOC") to KB Gear on June 7, 2000, with a maximum credit amount of $1.5 million. The LOC names "All American Semiconductor" at an address in Miami, Florida, as the beneficiary. The LOC indicated that drafts on the credit were to be "at sight" and required the beneficiary to submit a statement containing particular language along with unpaid invoices in order to draw on the credit. The LOC required the beneficiary to state, inter alia, that "we are drawing against" the letter of credit and also required references to the letter of credit number and to "purchase order number 764" from KB Gear. The LOC expired by its terms on December 31, 2000.

All American sent a documentary presentation to Wells Fargo on December 28, 2000, and Wells Fargo received those documents on December 29, 2000. The documentary presentation included a letter from Vince Riccio, All American's credit manager, under the letterhead for "All American" at the Miami address listed in the LOC. Riccio's letter contained the language the LOC required and stated that the outstanding balance due from KB Gear was $1,715,111.14. The documentary presentation also included a number of invoices marked "unpaid." Those invoices all show the invoicing party to be "All American Semiconductor," although at a Chicago rather than a Miami address, all refer to KB Gear as the customer, and all refer to purchase order number 764.

All American alleges, and Wells Fargo disputes, that Wells Fargo initially notified All American by telephone on January 3, 2001, that Wells Fargo would deny All American's attempted draw as untimely. The parties do not dispute that Wells Fargo notified All American by fax on January 3, 2001, that Wells Fargo would deny All American's attempted draw for three separate reasons: because the documentary presentation identified the beneficiary as "All American" rather than as "All American Semiconductor," because the documentary presentation did not include a "draft," and because All American overdrew the LOC by $215,111.14.

Wells Fargo argued in its motion to dismiss that each of the three grounds listed in its January

3, 2001, fax was independently sufficient to justify denial of All American's attempt to draw on the LOC. The Court rejected those arguments, holding that the documentary presentation considered as a whole adequately identified the beneficiary, that Riccio's letter met the legal requirements for a "draft," and that the inclusion of KB Gear's outstanding balance in Riccio's letter did not justify denial of All American's attempted draw. After the Court denied Wells Fargo's motion, Wells Fargo's investigation determined that at least two companies with names beginning with the phrase "All American" exist at the Miami address listed for All American in the LOC. In its motion for summary judgment, Wells Fargo contends that this evidence confirms its suspicion that All American's documentary presentation did not unambiguously identify the beneficiary under the LOC. Wells Fargo also renews its arguments with respect to the existence of a draft and the amount All American demanded. All American argues that neither the present record nor Wells Fargo's renewed arguments should affect the Court's legal conclusions and that the Court's March 7, 2002, Order entitles All American to judgment as a matter of law with respect to Wells Fargo's liability. In the alternative, All American argues that the initial phone call it alleges it received from Wells Fargo precludes Wells Fargo from relying upon the grounds for dishonor listed in Wells Fargo's fax of January 3, 2001, and that Wells Fargo's motion for summary judgment accordingly should be denied. All American also notes that it received some payments from KB Gear since commencing this action and that KB Gear's present outstanding balance is $945,111.14, which is the amount All American now seeks from Wells Fargo along with interest and attorney's fees.

Summary judgment is appropriate if no genuine issue of material fact exists and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All American is entitled to summary judgment if its documentary presentation met Minnesota's "strict compliance" standard for letter of credit transactions. <u>LeaseAmerica Corp. v. Norwest Bank Duluth, N.A.</u>, 940 F.2d 345, 348 (8th Cir. 1991); <u>Airlines Reporting Corp. v. Norwest Bank, N.A.</u>, 529 N.W.2d 449, 452 (Minn.Ct.App. 1995). As All American suggests, the evidence Wells Fargo has presented does not compel a change in the Court's original analysis of the name discrepancy issue. Wells Fargo's obligation to pay under the LOC is determined solely with reference to All American's documentary

presentation. Minn.Stat. § 336.5-108(a). The discrepancy between the "All American" named in Riccio's letter and the "All American Semiconductor" named in the LOC may have been sufficient to justify Wells Fargo's dishonor of that presentation if Riccio's letter were the only document Wells Fargo examined. The invoices All American submitted with Riccio's letter, however, contain obvious links to the transaction to which the LOC refers and to the beneficiary named in the LOC. See Voest-Alpine Trading USA Corp. v. Bank of China, 167 F.Supp.2d 940, 948 (S.D. Tex. 2000) (holding that a discrepancy in the beneficiary's name in a documentary presentation does not justify dishonor when other documents in the presentation obviously identify the beneficiary and relate to the LOC), aff'd, 288 F.3d 262 (5th Cir. 2002). Those invoices name "All American Semiconductor" as the invoicing party, list KB Gear as the customer, and reference the purchase order number identified in the LOC and in Riccio's letter. The information in the documentary presentation, taken as a whole and in context, establishes that the "All American" making the presentation is the same entity as the "All American Semiconductor" named as the beneficiary in the LOC under the strict compliance standard.

Wells Fargo's arguments with respect to the remaining issues are virtually unchanged from Wells Fargo's motion to dismiss, and the Court's holdings with respect to those issues are likewise unchanged. All American's statement that "we are drawing against" the LOC, when contained in a documentary presentation All American submitted to Wells Fargo, the issuer of the LOC, is an effective demand for Wells Fargo to pay All American and thus constitutes the "draft" the LOC required. And, as indicated in the Court's March 7, 2002, Order, the mere statement of KB Gear's outstanding balance in Riccio's letter does not constitute a demand for payment of that balance, which at the time of the documentary presentation exceeded the limit of the LOC. The submission of invoices in excess of the maximum available under the LOC instead constitutes a demand for payment of the full amount remaining available under the credit at the time of the documentary presentation. See Fiat Motors of N. Am., Inc. v. Mellon Bank, N.A., 649 F.Supp. 245, 252-53 (W.D. Pa. 1986) (holding that an issuer of a letter of credit was obliged to pay a beneficiary who demanded payment in an amount exceeding the maximum available under the credit), aff'd, 827 F.2d 924 (3rd

Cir. 1987). With respect to those issues, All American's documentary presentation also conforms to the strict compliance standard.

In resolving Wells Fargo's motion to dismiss, the Court did not reach the waiver and delay issues All American raises, and the Court for the same reasons need not reach those issues in resolving the parties' motions for summary judgment. None of the grounds mentioned in Wells Fargo's January 3, 2001, fax justified rejection of All American's attempted draw on the LOC, and All American accordingly is entitled to summary judgment on the issue of Wells Fargo's liability for wrongful dishonor of the LOC. Given that All American has changed its damages claim, however, Wells Fargo is entitled to discovery limited to the question of what amount remains owing from KB Gear to All American on the invoices All American submitted in All American's documentary presentation. The Court will allow sixty days from the date of this Order for the completion of such discovery, if any, at which point the Court will entertain additional motions or conduct such further proceedings as may be necessary to resolve the case.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT:**

1. All American's motion for summary judgment is GRANTED in part. All American is entitled to judgment as a matter of law with respect to Wells Fargo's liability on All American's claim for wrongful dishonor. All American's motion for summary judgment otherwise is DENIED.

2. Wells Fargo's motion for summary judgment is DENIED in its entirety.

3. Wells Fargo may conduct additional discovery limited to All American's damages claim. All such discovery, if any, shall be complete within sixty days of the date of this Order

Dated: January 3, 2003

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.