**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALL AMERICAN SEMICONDUCTOR, INC.,

Plaintiff,

vs.

WELLS FARGO MINNESOTA, N.A., National Association,

Defendant.

Civil No. 01-1441 DDA/FLN

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

---

Leonard, Street and Deinard, by ROBERT P. THAVIS, Minneapolis, Minnesota, for Plaintiff All American Semiconductor, Inc.

Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, by RICHARD T. THOMSON, Minneapolis, Minnesota, for Defendant Wells Fargo Minnesota, N.A.

---

This letter of credit case is before the Court for the second time on cross-motions for summary judgment. In ruling on the first round of motions for summary judgment, the Court by Order dated January 3, 2003, denied Defendant Wells Fargo Minnesota, N.A. ("Wells Fargo")'s motion for summary judgment, granted summary judgment to Plaintiff All American Semiconductor, Inc. ("All American") on the issue of Wells Fargo's liability, and left the issue of All American's damages open pending additional discovery. All American now renews its motion for summary judgment, requesting damages along with an award of prejudgment interest[1]. Wells Fargo also has moved for summary judgment, arguing that All American's conduct during this litigation relieves Wells Fargo of any responsibility to pay damages to All American. Neither party requested oral argument, and the Court has considered and resolved the latest motions without oral argument in accordance with Fed. R. Civ. P. 78. The Court will grant All American's motion and will deny Wells Fargo's motion.

---

[1] All American also requested an award of attorney fees but since has withdrawn that request.

FILED JUL 21 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUL 21 2003
DEPUTY CLERK

The facts of the case are discussed in detail in the Court's Order dated March 7, 2002, which denied Wells Fargo's motion to dismiss, and in the Court's January 3, 2003, Order. The facts pertinent to the present motions are as follows. All American was the beneficiary under a letter of credit in the amount of $1,500,000 which Wells Fargo issued to KB Gear Interactive, Inc. ("KB Gear"). On December 28, 2000, All American attempted to draw on the credit by presenting the required documents to Wells Fargo. At the time All American made its documentary presentation, KB Gear owed All American $1,715,111.14. Wells Fargo advised All American on January 3, 2001, that Wells Fargo would not honor All American's documentary presentation. All American thereafter received payments from KB Gear of $750,000 on January 8, 2001, and of $20,000 on March 8, 2001, leaving an unpaid balance of $945,111.14. All American, however, maintained in its Complaint, which was filed on August 8, 2001, and in its Rule 26 Report, which was filed on November 14, 2001, that Wells Fargo owed All American the full amount of the letter of credit, or $1,500,000. Wells Fargo was not aware that All American sought less than the full amount of the letter of credit until June 6, 2002, when All American noted the amount owing from KB Gear in All American's first motion for summary judgment.

Wells Fargo does not dispute the amount KB Gear presently owes to All American. Wells Fargo instead relies upon Minn. Stat. § 336.5-109, which allows the issuer of a letter of credit in some circumstances to dishonor a documentary presentation when "honor of the presentation would facilitate a material fraud by the beneficiary on the issuer." Id. In Wells Fargo's view, All American's failure to indicate the correct amount owing from KB Gear in All American's pleadings constitutes fraud sufficient to allow Wells Fargo to dishonor All American's documentary presentation. That position significantly overstates the scope of Minn. Stat. § 336.5-109. An issuer may dishonor only if the beneficiary commits "material fraud," which occurs when "the beneficiary has no colorable right to expect honor and where there is no basis in fact to support such a right to honor." Minn. Stat. Ann. § 336.5-109 UCC cmt. 1 (West 2002). All American unquestionably had a valid claim to the entire amount of the credit at the time All American made its documentary presentation, and All American had a right to expect Wells Fargo to honor the documentary

presentation so long as the documentary presentation conformed to the requirements of the letter of credit. Although All American's overstatement in its pleadings of the amount at issue may have violated a court rule, such conduct has no bearing upon the factual basis underlying All American's documentary presentation and thus cannot be "material fraud" within the meaning of Minn. Stat. § 336.5-109.

An issuer of a letter of credit found liable for wrongful dishonor "shall pay interest on the amount owed ... from the date of wrongful dishonor or other appropriate date." Minn. Stat. § 336.5-111(d). The Court sets the rate of interest, which typically is "the rate that would normally apply in that court in other situations where interest is imposed by law." Minn. Stat. Ann. § 336.5-111(d) UCC cmt. 5 (West 2002). The Court finds that the date of dishonor, January 3, 2001, is the appropriate date for calculating an award of interest and that the amount of interest should be determined in accordance with Minnesota's prejudgment interest statute, Minn. Stat. § 549.09.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT:**

1. All American's renewed motion for summary judgment [Docket No. 48] is GRANTED.
2. Wells Fargo's motion for summary judgment on the issue of damages [Docket No. 53] is DENIED.
3. The Clerk shall enter judgment as follows:

**Plaintiff All American Semiconductor, Inc. shall have and recover of Defendant Wells Fargo Minnesota, N.A., $945,111.14 together with interest on that amount determined in accordance with Minn. Stat. § 549.09 from January 3, 2001.**

Dated: July 21, 2003

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*