01-1441 DDA/FLN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3156

| | | |
|---|---|---|
| All American Semiconductor, Inc., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Wells Fargo Bank Minnesota, N.A., | * | [UNPUBLISHED] |
| National Association, | * | |
| | * | |
| Appellant. | * | |

Submitted: June 16, 2004
Filed: August 3, 2004

Before WOLLMAN, HEANEY, and BOWMAN, Circuit Judges.

PER CURIAM.

Wells Fargo Bank Minnesota, N.A., appeals from the district court's[1] order granting All American Semiconductor, Inc.'s motion for summary judgment, contending that the district court incorrectly applied the "strict compliance" standard for attempts to draw on letters of credit under Minnesota law and that the court should instead have granted summary judgment in its favor. We affirm.

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

SCANNED
AUG 30 2004
U.S. DISTRICT COURT MPLS

We review the district court's grant of summary judgment de novo. Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 719 (8th Cir. 2004). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). We agree with the district court that All American is entitled to summary judgment if there is no question of fact that its documentary presentation "met Minnesota's 'strict compliance' standard for letter of credit transactions." D. Ct. Order of Jan. 3, 2003, at 3.

Having reviewed the record and briefs, we agree with the district court's well-reasoned analysis in its orders of March 7, 2002, January 3, 2003 and July 21, 2003. Minnesota law requires that the issuer of a letter of credit honor a beneficiary's draft presentation if it "appears on its face strictly to comply with the terms and conditions of the letter of credit," Minn. Stat. Ann. § 336.5-108(a) (2002), adopting the UCC concept of strict compliance not as absolute perfectionism, but as complying with standard practice for issuers. See Minn. Stat. Ann. § 336.5-108, cmt. 1 (2003) (incorporating the U.C.C. comment); Voest-Alpine Trading USA Corp. v. Bank of China, 167 F.Supp. 2d 940, 947 (S.D. Tex. 2000) (interpreting language virtually identical to that of Minnesota law and using a common sense, case-by-case approach to strict compliance to hold that minor deviations that do not bring into question the obvious link between the documents presented as a whole do not justify dishonor by the issuer), aff'd on other grounds, 288 F.3d 262 (5th Cir. 2002). All American's draw presentation met that standard because its documentary presentation, when viewed as a whole, complied with the requirements in the letter of credit, and the minor discrepancies claimed by Wells Fargo did not justify rejection of the draw.

The judgment is affirmed. See 8th Cir. R. 47B.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans